# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KATHY ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-13-1245-HE |
| | ) | |
| INDEPENDENT SCHOOL DISTRICT | ) | |
| NO. 12, EDMOND, OKLAHOMA, | ) | |
| a/k/a EDMOND PUBLIC SCHOOLS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Kathy Roberts filed this suit against Independent School District No. 12, Edmond, Oklahoma, a/k/a Edmond Public Schools ("EPS") alleging various violations of state and federal anti-discrimination laws. EPS has moved to dismiss the claims pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, for a more definite statement of the claims. Plaintiff has responded, and the motions are at issue.

Rule12(b)(6) permits a court to dismiss a claim when a party fails "to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and construed in the light most favorable to the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). Unsupported, conclusory allegations, however, need not be accepted as true. *See* Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011). The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Background

According to the complaint, plaintiff has been employed as a custodian at EPS since 1997. Sometime in 2004, a new supervisor was placed over plaintiff, who allegedly issued her a number of unjustified "write-ups," while other co-workers received no such disciplinary actions for actual misconduct. She alleges that she requested transfers to positions under other supervisors, but those requests were refused.

Plaintiff also alleges that she was denied a promotion because she has dyslexia. She claims that EPS officials have refused to give her appropriate accommodations, while other employees who are not disabled receive those same accommodations, for example, hand-writing paperwork instead of using a computer.

Plaintiff further argues that she has been discriminated against because of her appearance. She asserts that her supervisor issued her undeserved "write-ups" because of her appearance and wardrobe. She claims that her attempts to complain about her mistreatment were to no avail, and that she was warned by the EPS human resources department that her making further complaints against her supervisor could result in termination. Plaintiff also alleges that she was retaliated against because of her complaints. She contends that she was transferred from her day shift to a night shift as a result of her complaints about her treatment.

Plaintiff asserts discrimination and retaliation claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; discrimination and retaliation claims under the Oklahoma Anti-Discrimination Act ("OADA"), 25 Okla. Stat. § 1101 *et seq.*; and

discrimination, harassment, and hostile work environment claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*

Discussion

EPS has moved to dismiss plaintiff's federal claims on the basis that her complaint lacks sufficient facts to comply with Fed. R. Civ. P. 8(a) pleading standards. EPS argues that plaintiff's charge does not allege any discrete act of discrimination which occurred within 300 days of the filing of her charge of discrimination.[1] Moreover, EPS contends that plaintiff has not made out the prima facie case that she is disabled under the OADA and ADA, and has failed to make out the prima facie case for gender discrimination.

The complaint generally alleges discriminatory treatment over approximately a ten year time span and does not identify the time frame for particular acts of discrimination. The only event in plaintiff's complaint with a specific date is a "write-up" for allegedly accessing the property of another employee. That single allegation is insufficient to support an inference of discrimination and plaintiff has not otherwise alleged a discrete act of discrimination within the 300 days preceding the filing of the charge which could support a discrimination claim. Without at least one discreet act of discrimination within the pertinent period, the complaint is insufficient. *See* Barham v. K Mart Corp., 10-CV-0401-CVE-PJC, 2010 WL 3650684 (N.D. Okla. Sept. 14, 2010) ("A write-up or negative performance

---

[1]*Plaintiff alleges that she filed her charge of discrimination on September 4, 2012, so she must allege a discrete act of discrimination within the 300 days preceding that day. The relevant starting point for the period appears to be approximately November 10, 2011.*

evaluation, standing alone, is not considered an adverse employment action.") (citing Dick v. Phone Directories Co., Inc., 397 F.3d 1256, 1270 (10th Cir.2005)). Plaintiff's federal claims must therefore be dismissed.[2]

Plaintiff's state law claims similarly lack a sufficiently pleaded factual basis. "Because the protections provided by the OADA are 'co-extensive with the protections provided by federal law under the ADA,' a plaintiff's OADA claim fails 'if her federal discrimination claims fail.'" Hamilton v. Okla. City Univ., 911 F. Supp. 2d 1199, 1206 (W.D. Okla. 2012) (quoting McCully v. Am. Airlines, Inc., 695 F. Supp. 2d 1225, 1246-47 (N.D. Okla. 2010)). Plaintiff's state law claims must be dismissed as well.

For the reasons stated, Defendant's motion to dismiss [Doc. #9] is **GRANTED**. As the deficiencies noted here are ones of pleading which are potentially remediable by amendment, plaintiff is granted leave to amend. An amended complaint may be filed within 14 days. The motion for a more definite statement [Doc. #10] is **STRICKEN AS MOOT**.

**IT IS SO ORDERED**.

Dated this 3rd day of April, 2014.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

*[2]Contrary to defendant's suggestion, it is not necessary that the complaint set out facts sufficient to make out all substantive elements of a particular claim. "The prima facie case under McDonnell Douglas . . . is an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510 (2002). It must, however, allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" supporting the alleged claims. Bell Atlantic Corp. v. Twombly, 550 U.S. at 556.*

4